EASTERN DIST.
March, 1840.

BOB AND MILLY
ET AL.
vs.
NUGENT'S
SYNDICS.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

BOB AND MILLY ET AL. *vs.* NUGENT'S SYNDICS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

Where certain slaves, in the hands of third persons, claim to be set free under the provisions of the will of their former master ; his executor must be made a party. They have a right to stand in judgment, for the purpose of compelling the executor to emancipate them in pursuance of the provisions of the will, but this must be done contradictorily with him.

This is a suit instituted by Bob and Milly, colored persons, and their seven children, to recover their freedom under the will of Timothy O'Hara, their former owner, and who made his will and died in the state of Mississippi, where the plaintiffs were at the time of his death. John Nugent and two other persons were named testamentary executors in the will. Nugent alone qualified ; and shortly afterwards removed with these slaves into this state, and settled in the parish of Iberville, where he failed in business, and surrendered the present plaintiffs, as his slaves, to the syndics appointed by his creditors. They are alone sued in this action, and deny that the plaintiffs have any right to claim their freedom.

The following is the extract of the will relied on :

" *Item* : It is my will and desire, that my following negroes be set free, to wit : Bob, and Milly his wife, and her seven children, &c., *be set at liberty, and have their freedom,* that is to

EASTERN DIST.
*March*, 1840.

BOB AND MILLY
ET AL.
*vs.*
NUGENT'S
SYNDICS.

say, Bob and Milly at my death, and the seven children when the youngest of them living, shall have attained the age of *ten years ;* and in case the laws of the state of Mississippi should not admit them to be emancipated, I desire and enjoin it on my executors, *or any one* of them, at the period of the youngest child, as aforesaid, living at the time, shall have arrived at the age of ten years, to carry or send them all into the state of Ohio, in order that their freedom may be established, and afterwards to bring them again into this state, (Mississippi) in case the laws of this state will admit them, and they, themselves, desire it."

" *Item :* It is my will and desire, that the sum of one hundred dollars be paid, by my executors, to each of the negroes before named after their freedom is established as aforesaid."

" *Item :* It is my will and desire, that the necessary expenses attending the emancipation of the said negroes, or in taking them to the state of Ohio, as before directed, be paid out of the proceeds of my estate, and also the expenses of bringing them back again to this state."

" *Item :* I give and bequeath to John Nugent, of the town of Washington, (Mississippi) all the rest and residue of my estate : Provided, he shall take or send the negroes before mentioned into the state of Ohio, for the purpose of establishing their freedom as aforesaid, &c."

The testator annexes a condition, that in case John Nugent should fail to emancipate said slaves, as required, then he gives the residue of his estate to Matthew Bowles, of Jefferson county, (Mississippi) and on his failure, he gives it to William L. Chew, of Adams county, (Mississippi.) The will is signed by Timothy O'Hara, he making his ordinary mark, March 5, 1824. It was duly admitted to record, in Adams county, Mississippi.

The district judge decreed the plaintiffs their freedom, under the will, and the syndics appealed.

*Labauve* and *Ogden,* for the plaintiffs and appellees.

*Winchester* and *Ives,* for the defendants and appellants.

*Martin, J.,* delivered the opinion of the court. ·

The plaintiffs are people of color, and claim their freedom under the will of one Timothy O'Hara, late a resident of the state of Mississippi ; and they allege, that one John Nugent, a testamentary executor of the said Timothy O'Hara, deceased, contrary to the provisions of said will, brought them to the state of Louisiana, as his slaves, and placed them as such on his bilan. · They have instituted this suit against the syndics of Nugent, demanding their freedom under the provisions of the will of their former owner.

The syndics resist their claim, under the plea of the general issue ; and aver, that they are part of the property surrendered by the insolvent ; and further, urge that their emancipation under the will is absolutely null, having been made contrary to a law of the state of Mississippi, in which the will was executed. The plaintiffs had judgment, and the syndics appealed.

The testator required his executor to emancipate the plaintiffs, if this could be legally done, under the existing laws ; otherwise to remove them to the state of Ohio. This direction of the will could only be carried into effect with the consent of the legislature. *Revised Code of Mississippi Laws, page* 385-6, *section* 75.

The executor made no attempt to obtain the consent of the legislature, but removed with the slaves to this state, where he procured money on a mortgage upon them.

It is clear that the plaintiffs did not cease to be slaves and part of the estate of their former master while they were in the state of Mississippi, and it is not pretended, that the formalities which the law requires for the emancipation of slaves in this state, have been fulfilled in regard to them : Nevertheless, they have a right to stand in judgment for the purpose of compelling the executor to emancipate them, in pursuance of the provisions of the will, but this must be done contradictorily with the executor. He, alone, is able to show whether the emancipation can take place without injury to the creditors of the estate of his testator ; or that there are other just grounds which justify his refusal. The syndics

EASTERN DIST.
*March,* 1840.

BOB AND MILLY ET AL.
*vs.*
NUGENT'S SYNDICS.

Where certain slaves, in the hands of third persons, claim to be set free under the provisions of the will of their former master, his executor must be made a party. They have a right to stand in judgment, for the purpose of compelling the executor to emancipate them in pursuance of the provisions of the will, but this must be done contradictorily with him.

9　　VOL. XV.

EASTERN DIST.
*March*, 1840.

have an interest adverse to the claim of the plaintiffs, as their emancipation will diminish the property surrendered by the insolvent, for the payment of the creditors ; but they cannot be listened to in the absence of a representative of the estate of the testator or his heirs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment for the defendants as in case of non-suit.

